# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-01377-TWP-DKL |
| PROVISION LIVING LLC, | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss ([Filing No. 10](#)) filed by Defendant Provision Living, LLC ("Provision"). Plaintiff Carolyn Young ("Ms. Young") brings this action as a *pro se* plaintiff, alleging Title VII employment discrimination on the basis of race, color, and gender. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Ms. Young worked for Provision. In February of 2013, Ms. Young asked Julie Brown ("Ms. Brown") for a day off from work; Ms. Brown said yes, and then directed her to a person named Kim who handles such requests. Ms. Young wrote out her request for time off in order to attend traffic court and she was granted her request. Another employee witnessed Ms. Young's request. Despite Ms. Young's request for a certain date, Ms. Brown gave her a day off on a date other than the one Ms. Young requested. Ms. Young informed Ms. Brown of the error and Ms. Brown indicated she would "fix it." Ms. Young did not attend work on the date she requested to be off and her job labeled her as a "No Call No Show" ([Filing No. 1, at ECF p. 2](#)). Provision then terminated Ms. Young. On August 29, 2013 Ms. Young filed a complaint alleging she was

treated unfairly because of her race and color. In her "Prayer for Relief" she makes an additional claim for gender discrimination. ([Filing No. 1 at ECF p. 3](#)).

## LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Additionally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. DISCUSSION

While this Court accepts Ms. Young's allegations as true, she does not meet the requirements to survive a motion to dismiss. Ms. Young's complaint gives Provision notice that she is alleging race and color discrimination, as shown by her statement "I feel like I was treated unfair because of my race, color," ([Filing No. 1, at ECF p. 2](#)), and gender discrimination as shown by her statement "damage…because of gender" ([Filing No. 1, at ECF p. 3](#)), however her

complaint fails to provide facts that rise above the speculative level. Ms. Young's complaint merely states that she asked for time off from particular people in her office, she did not get her requested day off, she did not go to work on the requested day, and Provision terminated her. Ms. Young's complaint does not connect her termination to any allegations of discrimination, and it provides no facts allowing the Court to infer race, color, or gender discrimination. Even liberally construing Ms. Young's complaint, the Court cannot reasonably infer that Provision is liable for race, color, and gender discrimination. Because Ms. Young has not alleged sufficient facts, her complaint cannot survive this Motion to Dismiss.

### III.  CONCLUSION

To survive a motion to dismiss, the "allegations [of a complaint] must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC,* 496 F.3d at 776 (citing *Bell Atl. Corp.,* 550 U.S. at 555–56, 569 n. 14 (2007)). For the foregoing reasons, Provision's Motion to Dismiss ([Filing No. 10](#)) is **GRANTED, but without prejudice**. Ms. Young is granted leave to file an amended complaint, which is due on or before **July 31, 2014**. If no amended complaint is filed by this deadline the matter will be dismissed with prejudice.

SO ORDERED.

Date: 07/11/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CAROLYN YOUNG
1030 Charleston East Dr.
Indianapolis, IN 46219

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
vallea@gshllp.com